IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

FILED
1:54 pm, Apr 05, 2019
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Laura A. Briggs, Clerk

JASON D. PENNINGER, )
    Plaintiff, )
     )
v. ) Cause No. 1:19-cv-1391-JMS-DML
     )
INDIANA DEPT. OF CORRECTIONS, and ) COMPLAINT Under 42 U.S.C. § 1983
WARDEN JOHN DOE; and )
OFFICER J. RODRIGUEZ, and )
OFFICER ABBASSI; and ) DEMAND FOR JURY TRIAL
OFFICER BLAKELY; and )
LIEUTENANT WATSON )
SUPERINTENDENT DOE )
     )
    Defendants; )

SCANNED at MCF and Emailed on
4-5-19 by MJH · 5 pages
(date) (initials) (num)

## COMPLAINT

**NOW COMES** Plaintiff, Jason D. Penninger, currently pro se, and complains of Defendant's Lieutenant Watson, Officers Blakely, Abbassi and Rodriguez and the Indiana Department of Corrections whose principle offices are located in Indianapolis, and states as follows:

### NATURE OF THE CASE

1. This lawsuit seeks monetary damages for Plaintiff Jason Penninger against Defendants for injuries in the past, present and future, he has suffered resulting from negligence and other constitutional violations arising out of the incidents surrounding a fire and events that soon thereafter followed which occurred on or about April 7, 2017 in inmate Devine's cell. Plaintiff was exposed to thick black and toxic smoke in the prison cell house he was held in and then forced to endure exposure to the fumes of burning/burnt human flesh.

## Jurisdiction, Venue and Cause of Action

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 since it arises under the Constitution of the United States. Both the primary offices of the defendant's and the office of the Indiana Attorney General's office are located in the Southern District jurisdiction.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

4. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

## COUNT I §1983 MONELL CLAIM

(FAILURE TO ADEQUATELY TRAIN, FAILURE TO ADEQUATELY SUPERVISE, UNCONSTITUTIONAL POLICES TO NOT PROVIDE ADEQUATE PROTECTION AND ADOPTION OF UNCONSTITUTIONAL POLICIES)

5. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein.

6. The policies, customs, regulations, practices, acts and omissions of Defendants are the moving and causative forces behind violations of the constitutional rights and the resulting damages suffered by Plaintiff.

7. Prison officials must take responsible measures to guarantee the safety of inmates, including protecting inmates from dangerous hazardous environments with faulty fire protection devices.

## COUNT II DILIBERATE INDIFFERANCE CLAIM

8. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein.

9. Plaintiff claims that defendants deliberately and therefor intentionally failed to properly maintain safety and alert control devices which if they had would have allowed a much faster response time to the emergency/ fire situation.

10. Plaintiff claims that the defendants were aware of the improperly working safety devices for a duration of time that allowed them to remedy the dangerous environment the lacking thereof created.

11. Plaintiff claims violation of his U.S. Constitutional Right afforded to him by the Eighth Amendment in that a deliberate indifference claim against Defendants for subjecting Plaintiff to dangerous conditions of confinement while confined at ISP.

## COUNT III INFLICTION OF EMOTIONAL DURESS

12. Plaintiff claims that he suffers from nightmares as a proximate cause of the avoidable incident had the Department of Correction staff performed their duties of their employee

## **Exhaustion of Administrative Remedies**

13. The Indiana Department of Correction has a grievance procedure that explains that (12) "Tort Claims seeking monetary compensation; and (13) Staff discipline, staff assignment, staff duties, and/or staff training" are non-grievable issues. Hence no grievance procedure exists to the Plaintiff concerning this claims herein

14. Notwithstanding the statement made in paragraph 9 above, the Plaintiff has fully satisfied the exhaustion requirements of the PLRA, 42 U.S.C. § 1997e (a), by exhausting all grievance levels available, shown as follows. *Lewis .v Washington*, 300 F.3d 829, 833 (7th Cir. 2002). Copies of all grievances and issued responses will be made available in the near future as Plaintiff's evidentiary designations.

## **Previous Lawsuits and Administrative Relief**

15. Plaintiff has not begun any other lawsuits in state or federal court dealing with the same facts involved in this action.

16. Plaintiff Jason D. Penninger has not previously brought a PRLA lawsuit in any federal court.

## **Previously Dismissed Actions or Appeals**

17. Plaintiff has not brought any civil action or appeal in any court of the United States while incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

**Expectation of filing an Amended Complaint**

18. The facility where the Plaintiff is confined provides a law library services that is currently in its third week of loss of ability to conduct any meaningful access to research the service of Lexis-Nexus. Given the statutory limitations placed on the time this litigation is required to be filed, Plaintiff informs the Court and all parties of the expectation of his filing of an amended Complaint in the very near future and in compliance with Fed R. Civ P. 15 when he has access to the materials necessary to prosecute his claim(s),

**Request for Relief**

**WHEREFORE**, Plaintiff request that this Court:

a)      Accept jurisdiction of this cause and set it down for hearing at the earliest opportunity.

b)      Compensate the Plaintiff the costs incurred in filing this action.

c)      Award Plaintiff actual damages, nominal damages, future injury all other costs and reasonable attorney fees.

Respectfully submitted by:

_/s/ Jason Penninger_
Jason D. Penninger, *pro se*
DOC # 936946
Miami Correctional Facility
3038 West 850 South
Bunker Hill, IN 46914